### *In re* VAN BLANKENSTEYN *et al.*

*(Circuit Court, S. D. New York. January 11, 1892.)*

CUSTOMS DUTIES—ACT OF MARCH 3, 1883—BOLTING CLOTH.
  Bolting cloth, made of silk and cotton, silk chief value, used for other than milling purposes, is not dutiable at 50 per cent. *ad valorem,* as a manufacture of silk, under paragraph 383 of Schedule L of the tariff act of March 3, 1883, but is free of duty, under paragraph 657 of the free-list of said act.

At Law. Appeal by importers from decision of board of United States general appraisers, under section 15 of the act of June 10, 1890.

Blankensteyn & Hennings imported by the steamers Burgoyne, July 29, 1890, and La Normandie, August 20, 1890, certain "bolting cloth," which was returned by the appraiser upon the invoice as a manufacture of silk and cotton, silk chief value, upon which the collector assessed

duty at the rate of 50 per cent. *ad valorem* under the provisions of paragraph 383 of Schedule L of the act of March 3, 1883. The importers protested, claiming that the said bolting cloth was entitled to free entry under paragraph 657 of the free-list of said act providing for "bolting cloths." The board of United States general appraisers affirmed the decision of the collector. An appeal was duly taken under the act of June 10, 1890, by the importers from the decision of the board of appraisers to the United States circuit court. Return filed May 15, 1891. The evidence taken before the board of general appraisers showed that the said merchandise was known in trade and commerce of this country as "bolting cloth," and that it was bought and sold under that name, but the particular merchandise in suit was not used for milling purposes, but for fancy work or to be embroidered. Samples of the merchandise were produced in court.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for the collector.

*Comstock & Brown*, for the importers.

WHEELER, District Judge. All the force of the evidence is that these cloths are of the kind made for "bolting cloths." They may be fitted up and used for other purposes, but they are still the same kind of cloth, and made in the same way. When congress said "bolting cloths," they did not then say that if they were used for anything else they should pay a different duty, but that when made in that way, as bolting cloths, without saying for what they were used, they should be on the free-list. I think that, although these may be used for something else,—for linings, or for ornamentation, or for something of that sort,—those that were imported under that act should come in free; and so I think that the decision of the board of general appraisers should be reversed. So ordered.